STANTON M. PASCAL ET AL., PARTNERS, ETC., APPELLEES, v. MONROE D. HESS, APPELLANT.

Argued October 1, 1929—Decided October 15, 1929.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *Lionel P. Kristeller* (*Saul J. Zucker*, on the brief).

For the appellee, *George Furst*.

PER CURIAM.

The controlling question is whether the trial court erred in directing a verdict for plaintiff.

Plaintiffs are stock brokers and sued for a balance of $187.50 claimed to be due them from defendant in a stock transaction. The state of demand was in two counts, the first based on the theory of having purchased the sotck for defendant at his request, defendant's refusal to take the stock

and reimburse them for their cash outlay and commission, and a net loss sustained on their resale of the stock for defendant's account. The second count was based on the theory of a direct contract of sale and purchase between plaintiffs and defendant, and the refusal of defendant to accept and pay for the stock. At the trial plaintiffs were required to elect on which count they would proceed, and without objecting, elected to proceed on the first, and waived the second. Their claim was therefore restricted to the theory of the first count.

It may well be, though we do not decide the point, that the jury would have been justified in finding that the transaction was of the nature set up in the first count. But we do decide, that they would have been legally justified on the evidence in saying that it was a direct contract of sale between the parties, which would probably be unenforceable on account of the statute of frauds. The written statement by plaintiffs to defendant confirms a "sale to him." Their own letter threatening resale and suit speaks of stock "which we sold to you some days ago." Their final statement after resale and claiming a balance reads in part, "we have sold to you one hundred shares," &c. The testimony of one of the partners may be taken as treating the matter in the same way. Plaintiffs did not report purchase price plus commission, and did not charge a commission on resale.

We consider that in the face of such evidence as this, it was clearly erroneous to direct a verdict for the plaintiffs. The judgment will therefore be reversed to the end that a new trial be had.